ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH McNALLY (250289)
Assistant United States Attorney
Deputy Chief, Santa Ana Office
     Federal Building and Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3500
     Email:     joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>KAREN HANOVER,<br><br>          Defendant. | CR No. SA CR 12-282-JST<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE: 10-29-13**<br>**PROPOSED TRIAL DATE: 5-20-14** |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Joseph McNally, and defendant Karen Hanover, both individually and by and through her counsel of record, John Barton, hereby stipulate as follows:

1. The Indictment in this case was filed on December 19, 2012. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on January 2, 2013. The Speedy Trial Act, 18 U.S.C. § 3161,

originally required that the trial commence on or before March 13, 2013.

2. On January 2, 2013, the Court set a trial date of February 26, 2013 and a status conference date of February 11, 2013.

3. On February 12, 2013, pursuant to a stipulation by the parties, the Court issued an order finding the time period between February 26, 2013 and May 21, 2013 excluded under the Speedy Trial Act and continued the trial date to May 21, 2013.

4. On April 23, 2013, pursuant to a stipulation by the parties, the Court issued an order finding the time period from May 21, 2013 to October 29, 2013 excluded under the Speedy Trial Act and continued the trial date to October 29, 2013.

5. On or about July 3, 2013, defendant's counsel of record, Jessie Gessie and Andrea Jacobs, were relieved and the Court appointed John Barton.

6. By this stipulation, the parties' request the Court continue the trial date to May 20, 2014. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of 18 U.S.C. § 1343: Wire Fraud. The government has produced discovery to the defense, including a voluminous amount of discovery pertaining to the instant case, as well as documents pertaining to defendant's prior case United States v. Hanover, SA CR 11-47-JST. Defendant's counsel was appointed approximately two months ago

and needs time to further review the discovery with defendant and prepare a defense.

  b. At the time defense counsel was appointed in this case, he had a number of other matter that he was preparing for trial including: (1) United States v. Rodriguez Lopez, SA CR 12-1098-CJC - drug trafficking set for trial December 10, 2013; (2) United States v. Gonzalez, SA CR 11-0193-AG - sex trafficking of minors set for trial on January 21, 2014 (ordered to prepare for trial as advisory / standby counsel); (3) United States v. Oetting, SA CR 13-59-SJO - investment fraud set for trial January 28, 2014. These cases involve over a terabyte of discovery consisting of tens of thousands of pages of discovery and hundreds hours of video/audio tapes. In light of these cases, he does not believe that he can be adequately be prepared for this matter until the requested date.

  c. In light of the foregoing, counsel for defendant Hanover represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d. Failure to grant the continuance may deny defendant continuity of counsel and adequate representation.

  e. The government does not object to the continuance.

     f.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 29, 2013 to May 20, 2014, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    8.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which

///

///

///

trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

\_\_9/18/13\_\_
DATE

\_\_\_/s/ JOSEPH MCNALLY\_\_\_
JOSEPH MCNALLY
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

I am Karen Hanover's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her constitutional and Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 20, 2014 is an informed and voluntary one.

\_\_9/18/13\_\_
DATE

\_\_\_/s/ JOHN BARTON\_\_\_
JOHN BARTON
Attorney for Defendant
Karen Hanover

*pursuant to email authority*